Opinion of the Court, by
Jtidge Owsley.
THIS is a writ of érror to an order of the county coiirt of Montgomery, giving permission to the heirs of Connelly to build a mill.
Various questions are ¡hadé by the assignment of errors, two of which only will bé noticed.
(1) Thé first question to which fve allude, relates to the Sufficiency of the inquest ‘returned by the júry tó that court*. Under the act of the legislature prescribing ’the duty of the jp'ryj it is undoubtedly necessary that they shoüld examine the lands above and below the place proposed for erecting the thill, belonging to others, and which thay probably be overflowed, and report specially the damage which thay result by the erection of the mill. In performing the duty assigned them, the jury appear, by the inquest returned iit this case, not to have been entirely'regardless of the injunctions of the law. They appear to have gone upon the land, and ascertained the land which may be damaged above and below, to be of the value of seven dollars per acre; but they haVe been remiss in not ascertaining the ■quantity of acres which in their opinion would be damaged.
It would certainly be more regular, for the jury to report the precise sum which they might think the several proprietors of thé land above and below would be damaged; but if, instead of doing so, they should ascertain the value per acre, and the quantity of acres, as the amount of damage might then be ascertained from the report-, by the court, the inquest ought to be sustained-.
In this case, however, the value per acre of the land is only ascertained, without ascertaining the quantity; and of course the court had no means of ascertaining the damage, so as to require the applicant to pay the amount of damage to the proprietor, on giving leave to erect the mill.
The inquest was, therefore, defective, and ought to have been quashed.
(2) The other question relates to the decision of the éburt in giving leave to erect theTniil. And here w<b *59 would remark, that the act of assembly no where au-thoi-isesthe court to give permission to any person to erect a mill, unless he has the fee simple estate, either on one or both sides of the stream upon which the mill is proposed to be built; and in this case the evjdcnce shows satisfactorily, that the applicants have no such estate.
(á) Theap-j’gayo'tcMsreQt a miM, must have the fee eslate both sides qf the stream,
Talbot and Triplett, for plaiptifF; Wickliffe, fo>; def’b,.
The order of the county court must, consequently, be reversed with costs, and the cause remanded, and. the inquest of the jury quashed, and such further proceedings had, as may not be inconsistent with this opinion.